UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| KATRINA COLE on Behalf of Herself and on Behalf of All Others Similarly Situated, § § § § Plaintiff, § § v. § § UNIVERSAL HEALTH CARE/BLUMENTHAL, INC. and CHOICE HEALTH MANAGEMENT SERVICES, LLC § § § § § Defendants. § | CIVIL ACTION NO. 1:24-cv-576<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT
## COLLECTIVE ACTION & JURY DEMAND

1. Defendants Universal Health Care/Blumenthal, Inc. and Choice Health Management Services, LLC ("Defendants") required Plaintiff Katrina Cole ("Plaintiff") to work more than forty (40) hours a week as a certified nursing assistant without the proper amount of overtime pay in violation of federal law. Defendants paid Plaintiff on an hourly basis but failed to pay her for all of the hours she actually worked.

2. Instead, Defendants automatically deducted thirty minutes a day for each day Plaintiff worked for so called "meal breaks," regardless of whether Plaintiff actually received a *bona fide* meal break. But Plaintiff and other employees of Defendants did not actually receive a *bona fide* meal break.

1

3. Instead, Defendants required Plaintiff and other employees to remain on duty and perform compensable work throughout their shifts and Defendants continuously subjected them to interruptions during their unpaid "meal breaks."

4. Defendants' conduct violates the Fair Labor Standards Act ("FLSA"), which mandates that non-exempt employees, such as Plaintiff and other hourly workers, be compensated at one and one-half times their regular rate for each hour worked over forty hours per week. *See* 29 U.S.C. § 207(a).

5. Plaintiff brings a collective action to recover unpaid overtime compensation owed to her individually and on behalf of all current and former patient care employees, or similar employees, who performed work for Defendants during the three-year period before the filing of this Complaint up to the date the Court authorizes notice. Members of the collective action are hereinafter referred to as "Class Members."

6. Plaintiff further complains, pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and the Class Members that Defendants violated the North Carolina Wage and Hour Act ("NCWHA") by failing to pay all wages earned as promised and that Plaintiff and the Class Members are entitled to all unpaid wages, plus interest, liquidated damages, costs and fees and penalties as allowed for Defendants' violations of the NCWHA, N.C. Gen. Stat. §§ 95-25.1 et seq.

## SUBJECT MATTER JURISDICTION AND VENUE

7. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

9. Plaintiff worked in this District when the violations took place at Defendants' nursing home in Greensboro, North Carolina

## PARTIES AND PERSONAL JURISDICTION

10. Plaintiff Katrina Cole is an individual that performed work for Defendants in Guilford County, North Carolina. Plaintiff currently resides in Guilford County, North Carolina. Plaintiff's written consent to this action is attached hereto as Exhibit A.

11. The Class Members are all of Defendants' hourly paid non-exempt patient care employees who received a meal break deduction at any time in the past three years.

12. Defendant Universal Health Care/Blumenthal, Inc. is a domestic corporation and may be served process through its registered agent Debra Kindley at 3763 Golf Drive NE, Conover, NC 28613.

13. Defendant Choice Health Management Services, LLC is a domestic limited liability company and may be served process through its registered agent Donald Beaver at 3763 Golf Drive NE, Conover, NC 28613.

## COVERAGE ALLEGATIONS

14. At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

3

15. At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 203(r), 203(s)(1). Defendants' employees handle goods that have traveled in interstate commerce such as vehicles, office supplies, and uniforms. Defendants also process credit cards from out of state. Defendants also transact business with companies located outside the state of North Carolina.

16. At all material times, Defendants have had an annual gross business volume in excess of the statutory standard.

17. At all material times, Plaintiff and Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

18. Defendants operate a chain of nursing homes and assisted living facilities.

19. Defendant Universal Health Care/Blumental, Inc. is a subsidiary of Defendant Choice Management Services, LLC.

20. Defendants represent themselves to the public as a single company operating at multiple locations. They share employees, have a common management, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name.

21. Defendants operate under a unified business model and part of that unified business model is the wage violations alleged in this Complaint.

22. Thus, Defendants formed a "single enterprise" and are liable for the violations of the other.

23. At all material times, Defendants have been an employer within the meaning the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

24. At all material times, Plaintiff and the Class Members were employees within the meaning of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

## FACTS

25. Defendants operate a chain of nursing and rehabilitation homes across North Carolina under the trade name Choice Health Management Services.

26. To perform their work, Defendants hire healthcare workers like Plaintiff to provide the care Defendants offer to its customers.

27. Defendants uniformly classifies these employees as non-exempt and pays them on an hourly basis.

28. Plaintiff worked for Defendants as a Certified Nursing Assistant ("CNA") from approximately August of 2015 until August of 2023.

29. Plaintiff worked for Defendants at their Greensboro, North Carolina location.

30. That location operates under the trade name "Blumenthal Nursing & Rehabilitation."

31. As a CNA, Plaintiff was responsible for assisting residents and Defendants' facility, providing medication, and other general healthcare services.

32. Throughout her employment, Defendants classified Plaintiff as non-exempt and paid her on an hourly basis.

5

33. Plaintiff's hourly rate with Defendants was approximately $19.50 per hour as of the end of her employment.

34. Plaintiff worked more than 40 hours a week in most weeks.

35. Defendants required Plaintiff to report her hours worked to Defendants.

36. But throughout her employment, Defendants did not pay Plaintiff for all the hours she actually worked.

37. Defendants subjected Plaintiff to its uniform meal break deduction policy.

38. Under that policy, for each day Plaintiff worked, Defendants automatically deducted 30 minutes of work time per day for a meal break regardless of whether Plaintiff actually received or had time to take a *bona fide* meal break.

39. Defendants did not schedule a meal break for Plaintiff, they simply deducted one from her daily work time.

40. Defendants regularly required Plaintiff to perform compensable work throughout her shifts, including the nominal meal breaks.

41. Defendants required Plaintiff and their other patient care employees to follow and abide by common work, time, pay, meal break, and overtime policies and procedures in performance of their patient care jobs.

42. Defendants required Plaintiff and their other patient care employees to record their hours worked in Defendants' uniform timekeeping system.

43. However, instead of paying for all the time that their health care employees actually work during a workweek, Defendants simply assume that those

6

employees have the time and opportunity to actually take a 30 minute uninterrupted meal break.

44. But, like Plaintiff, Defendants' patient care employees do not actually receive a *bona fide* meal break.

45. Instead, like Plaintiff, Defendants require its health care employees to remain on duty and perform compensable work throughout their shifts, including during their unpaid meal breaks.

46. In Plaintiff's case, for example, Defendants scheduled her to assist with so many patients that her entire day was filled with either patient facing duties or completing patient related paperwork. The schedule Defendants required she keep did not allocate any time for a meal break, much less a 30 minute meal break when she was performing what should have been treated as compensable tasks.

47. Like Plaintiff, Defendants continuously subjects their other patient care employees to work interruptions during their unpaid meal breaks.

48. Because of the requirements of the job, Plaintiff and other patient care employees are not free to engage in personal activities during their unpaid meal breaks because they are never actually relieved of all patient care or other work related duties during these breaks.

49. Plaintiff and other patient care employees routinely spend their unpaid meal breaks performing work for Defendants—not their own—predominate benefit.

50. This unpaid time is compensable under the FLSA and the NCWHA because Defendants knew, or should have known:

7

a. Plaintiff and their other patient care employees were performing unpaid work during their meal breaks or after their shifts to complete charting;

b. They were interrupted or subject to interruptions with work duties during any attempted meal break;

c. They were not completely relieved of all duties during their unpaid meal breaks;

d. They entirely skipped their meal periods due to work demands;

e. Their unpaid meal periods were less than 20 consecutive minutes;

f. They were not free to engage in personal activities during their unpaid meal periods because of constant work interruptions;

g. They remained on Defendants' facilities or under Defendants' supervision during their unpaid meal periods; and/or

h. They spent their unpaid meal periods performing their regular patient care duties for Defendants' predominate benefit.

51. Defendants fail to exercise their duty to Plaintiff and their other patient care employees to ensure that these employees are not performing work that Defendants do not want performed during these unpaid meal breaks.

52. Thus, Defendants requested, suffered, permitted, or allowed Plaintiff and their other patient care employees to work during their unpaid meal breaks or after their shifts to complete Defendants' required paperwork and patient charting.

8

53. Despite accepting the benefit of this labor, Defendants did not pay Plaintiff and their other patient care employees for the work they perform during their automatically deducted meal breaks or post shift charting time.

54. Like Plaintiff, each patient care employee worked more than 40 hours in a least one workweek during the relevant period.

55. Plaintiff and the other patient care employees were also regularly required to work "off the clock" during their unpaid meal breaks to complete their patient care duties and responsibilities and after hours paperwork for Defendants' predominate benefit.

56. When Plaintiff and the other patient care employees worked more than 40 hours in a workweek, Defendants did not pay them overtime wages for all overtime hours worked because Defendants failed to include the time these employees worked off the clock during their unpaid meal breaks or after hours work in their total number of hours worked in a given workweek.

57. Defendants' violations on the FLSA were willful and done in reckless disregard of the FLSA.

58. Defendants knew they were subject to the FLSA's overtime provisions.

59. Defendants knew they were subject to the NCWHA's wage payment provisions.

60. Defendants knew the FLSA required them to pay non-exempt employees, including Plaintiff and their other patient care employees, overtime wages at

rates not less than 1.5 times their regular rates of pay for all hours worked over 40 in a workweek.

61. Defendants knew Plaintiff and the other patient care employees were non-exempt and entitled to overtime pay.

62. Defendants knew Plaintiff and its other hourly patient care employees worked overtime because Defendants required those employees submit their daily and weekly hours worked.

63. Defendants knew they were required to pay Plaintiff and their other patient care employees for all compensable hours worked.

64. Defendants knew it failed to provide Plaintiff and their other patient care employees with *bona fide* uninterrupted meal breaks.

65. Defendants knew Plaintiff and the other patient care employees regularly worked during their purported meal breaks.

66. Nevertheless, Defendants automatically deducted 30 minutes a day from Plaintiff's and the other patient care employees' recorded work time for meal breaks and permitted its patient care employees to perform unpaid work after hours.

67. Defendant Choice Health Management Services, LLC operates other nursing or rehabilitation homes in the state of North Carolina that also use a similar automatic meal break deduction policy as Blumenthal Nursing and Rehabilitation.

68. Defendant Choice Health Management Services, LLC operates Lenior Health Care in Lenior, North Carolina.

69. Defendant Choice Health Management Services, LLC operates Litchford Falls Healthcare in Raleigh, North Carolina.

70. Defendant Choice Health Management Services, LLC operates Saturn Nursing and Rehabilitation Center in Charlotte, North Carolina.

71. Defendant Choice Health Management Services, LLC operates Universal Health Care and Rehab in Concord, North Carolina.

72. Defendant Choice Health Management Services, LLC operates Universal Health Care / Brunswick in Bolivia, North Carolina.

73. Defendant Choice Health Management Services, LLC operates Universal Health Care / Greenville in Greenville, North Carolina.

74. Defendant Choice Health Management Services, LLC operates Universal Health Care / Oxford in Oxford, North Carolina.

75. Defendant Choice Health Management Services, LLC operates Universal Health Care/Fuquay-Varina in Fuquay Varina, North Carolina.

76. Defendant Choice Health Management Services, LLC operates Universal Health Care/King in King North Carolina.

77. Defendant Choice Health Management Services, LLC operates Universal Health Care/North Raleigh in Raleigh, North Carolina.

78. Defendant Choice Health Management Services, LLC operates Universal Health Care/Ramseur in Ramseur, North Carolina.

## COLLECTIVE ACTION ALLEGATIONS

79. Plaintiff brings this suit as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as patient care employees and in substantially similar positions, within three (3) years from the commencement of this action who have, like Plaintiff, not been compensated at one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a single week.

80. Plaintiff has first-hand knowledge, through his personal work experience and communications with other employees of the Defendants, that a class of similarly-situated employees exists who have been denied the FLSA's overtime premium by being subjected to the same illegal pay practices described above.

81. Defendants use the same compensation structure regardless of the location of employment of a particular Class Member.

82. Defendants use the same compensation structure regardless of the supervisor of a particular Class Member.

83. That is, Defendants pay of all their hourly patient care employees subject to an automatic meal deduction policy and/or subject to after-hours uncompensated work.

84. All patient care employees have the same essential job functions regardless of location.

85. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of overtime pay.

86. The names and address of the Class Members of the collective action are available from Defendants' records. The Class Members should be allowed to receive

notice via First Class Mail, email, job posting, and via a website with basic information about the lawsuit or by use of techniques and a form of notice like those customarily used in representative actions.

87. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can be easily calculated.

88. The Class may be properly defined as follows:

Defendants' hourly paid non-exempt patient care employees who received a meal break deduction at any time in the past three years.

## CLASS ACTION ALLEGATIONS

89. For those claims brought under the NCWHA, Plaintiff seeks to represent a class consisting of all hourly patient care employees who were employed by Defendants within the two years proceeding the filing date of this action.

90. The NCWHA Class seeks to collect overtime wages, back wages, unauthorized wage deductions, and liquidated damages under N.C. Gen. Stat. §§ 95-25.4, 95-25.6, and 95-25.22.

91. The NCWHA violations occurred as a result of Defendants' failure to pay each employee who worked longer than 40 hours in any workweek at a rate of not less than time and one half of the regular rate of pay for the employee for the employee's overtime hours and/or the wage deductions made by Defendants from the wages due to Plaintiff and the Class Members pursuant to Defendants' meal break deduction policy.

92. Plaintiff has a personal interest in issues of law and fact that are common with the NCWHA Class. Plaintiff's claims are typical of the claims of the class. Plaintiff

and the undersigned counsel will adequately, competently, and zealously represent the interests of the class.

93. Questions of law and fact common to the members of the NCWHA Class predominate over questions affecting only an individual member:

a. Whether Defendants failed to pay Plaintiff and the NCWHA Class who worked longer than 40 hours in any workweek at a rate not less than time and one half of the regular rate of pay of the employee in violation of N.C. Gen Stat. § 95-24.4

b. Whether Defendants failed to pay wages when due based upon Defendants' meal break deduction policy

c. Whether Defendants failed to pay wages when due based upon the Defendants' failure to obtain a written authorization in the form required by N.C. Gen. Stat. § 95-25.8(a) when Defendants made deductions to their employees' wages for meal breaks that those employees did not receive

d. Whether Defendants failed to pay Plaintiff and the NCWHA Class all the wages they had agreed to pay when those wages were due

e. Whether Defendants failed to compensate Plaintiff and the NCWHA Class members at the agreed-upon rate when Defendants used an inaccurate system to record the number of hours worked by Plaintiff and members of the NCWHA Class

f. Whether Defendants' failures to comply with the NCWHA were willful.

94. A class action is the superior to other methods for the fair and efficient adjudication of the controversy.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

95. Plaintiff incorporates the preceding paragraphs by reference.

96. For all time worked in excess of forty (40) hours each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates. 29 U.S.C. § 207.

97. Defendants violated the FLSA by failing to pay Plaintiff and Class Members an overtime premium for hours worked in excess of 40 hours in a workweek.

98. Defendants cannot satisfy their burden to show that any exemption applies.

99. Defendants have, therefore, violated and continue to violate the FLSA by not paying Plaintiff and Class Members consistent with the FLSA for their overtime hours.

100. Defendants' failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.

101. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

102. Plaintiff will seek to certify this class as a collective action under 29 U.S.C. § 216(b).

PH

## COUNT TWO
## VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT
## FAILURE TO PAY WAGES WHEN DUE
## (CLASS ACTION)

103. Plaintiff incorporates the preceding paragraphs by reference.

104. The NCWHA claim arises from Defendants' policy and practice of failing to pay Plaintiff for the time she spent working for Defendants' benefit during her unpaid meal breaks in violation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.7.

105. The NCWHA violates occurred because Defendants failed to compensate Plaintiff and the Class Members for each hour worked.

106. Defendants did not pay all wages due for compensable work time that Defendants allowed, suffered, and/or required Plaintiff and the Class Members to work for Defendants.

107. Defendants failed to pay, and failed to timely pay, all wages earned by Plaintiff on her regularly scheduled paydays, including the next regular payday following the separation of Plaintiff's employment.

108. Defendants' conduct was willful. Defendants knew or showed reckless disregard as to whether their conduct was prohibited by the NCWHA and its accompanying regulations.

109. Plaintiff and the Class Members are entitled to damages from Defendants, jointly and severally, in the amount of the unlawful deductions, plus liquidated damages in the same amount and costs and attorneys' fees.

## JURY DEMAND

110. Pursuant to her right under the Constitution of the United States, U.S. CONST. amend. VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

111. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of herself and the Class Members awarding them:

    a. Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

    b. Unpaid wages wrongfully deducted pursuant to Defendants' meal break policies;

    c. An equal amount of their unpaid overtime premiums and unpaid wages as liquidated damages;

    d. Reasonable attorney's fees, costs, and expenses of this action; and

    e. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted on this, the 12th day of July 2024,

            **/s/ Wilson Fong**
            *Attorney for the Plaintiff and Class Members*
            NC State Bar No. 50708
            Hensel Law, PLLC
            Post Office Box 39270
            Greensboro, North Carolina 27438
            Phone: (336) 218-6466
            Fax: (336) 218-6467
            will.fong@hensellaw.com

            Beatriz-Sosa Morris (will apply for special appearance)
            BSosaMorris@smnlawfirm.com
            Texas State Bar No. 24076154
            John Neuman (will apply for special appearance)
            JNeuman@smnlawfirm.com
            Texas State Bar No. 24083560
            SOSA-MORRIS NEUMAN, PLLC
            4151 Southwest Freeway, Suite 515
            Houston, TX 77027
            Telephone: (281) 885-8844
            Facsimile: (281) 885-8813

            ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 12, 2024, I electronically filed the foregoing Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system, and will serve the following by Certified Mail, return receipt:

Universal Health Care/Blumenthal, Inc.
c/o Registered Agent
Debra Kindley
3763 Golf Drive NE
Conover, NC 28613
*Defendant*

Choice Health Management Services, LLC
c/o Registered Agent
Donald Beaver
3763 Golf Drive NE
Conover, NC 28613
*Defendant*

**/s/ Wilson Fong**
*Attorney for the Plaintiff and Class Members*
NC State Bar No. 50708
Hensel Law, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

Beatriz-Sosa Morris (will apply for special appearance)
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
John Neuman (will apply for special appearance)
JNeuman@smnlawfirm.com
Texas State Bar No. 24083560
SOSA-MORRIS NEUMAN, PLLC
4151 Southwest Freeway, Suite 515
Houston, TX 77027
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS